**RECORD NO. 12-4198**

# In The
# United States Court Of Appeals
### For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**DARREN NELSON HARRISON,**

*Defendant – Appellant,*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE**

———————

**BRIEF OF APPELLANT**

———————

**Henderson Hill, Director**
**FEDERAL DEFENDERS OF
  WESTERN NORTH CAROLINA, INC.**


**Erin K. Taylor**
**Assistant Federal Defender**
**Ann Hester**
**Assistant Federal Defender**
**129 West Trade Street**
**Suite 300**
**Charlotte, NC 28202**
**(704) 374-0720**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

PAGE:

TABLE OF AUTHORITIES ................................................................................. ii

NATURE OF THE APPEAL ................................................................................1

STATEMENT OF JURISDICTION.....................................................................1

STATEMENT OF THE ISSUE.............................................................................1

STATEMENT OF THE CASE..............................................................................1

STATEMENT OF THE FACTS ...........................................................................2

    I.    VIOLATIONS ALLEGED .................................................................2

    II.    FINAL SUPERVISED RELEASE VIOLATION HEARING .............3

SUMMARY OF ARGUMENT .............................................................................4

ARGUMENT ..........................................................................................................4

    I.    THE SENTENCE IS PLAINLY UNREASONABLE..........................4

        A.    STANDARD OF REVIEW .........................................................4

        B.    DISCUSSION ...............................................................................5

CONCLUSION.......................................................................................................8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

PAGE(S):

**CASES**:

*Anders v. California*,
   386 U.S. 738 (1967)................................................................................1

*McCoy v. Wisconsin*,
   486 U.S. 429 (1988)................................................................................1

*Penson v. Ohio*,
   488 U.S. 75 (1988)..................................................................................1

*United States v. Crudup*,
   461 F.3d 433 (4th Cir. 2006) ..................................................................5

*United States v. Go*,
   517 F.3d 216 (4th Cir. 2008) ..................................................................7

*United States v. Lewis,*
   424 F.3d 239 (2nd Cir. 2005) .................................................................5

*United States v. Thompson*,
   595 F.3d 544 (4th Cir. 2010) ...............................................................5, 7

**STATUTES**:

18 U.S.C. § 922(g) .........................................................................................1

18 U.S.C. § 922(g)(1).....................................................................................1

18 U.S.C. § 3231 ............................................................................................1

18 U.S.C. § 3553(a) .......................................................................................5

18 U.S.C. § 3583 .......................................................................................1, 5

18 U.S.C. § 3583(e)(3)................................................................................3, 6

18 U.S.C. § 3583(h) ..................................................................................6

18 U.S.C. § 3742 ......................................................................................1

28 U.S.C. § 1291 ......................................................................................1

**<u>SENTENCING GUIDELINE</u>**:

USSG § 7B1.4(a) ..................................................................................3, 5

## NATURE OF THE APPEAL

Appellant submits this Brief to the Court under *Anders v. California*, 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429 (1988), and *Penson v. Ohio*, 488 U.S. 75 (1988).

Counsel for Appellant has determined, after a careful examination of the whole record in Appellant's case, that Appellant has no meritorious grounds for appeal. Counsel has set forth below the issue which Appellant has requested she pursue.

## STATEMENT OF JURISDICTION

Jurisdiction is vested in the United States District Court for the Western District of North Carolina under 18 U.S.C. § 922(g) and 18 U.S.C. §§ 3231 and 3583. Jurisdiction of the Court of Appeals is founded upon 28 U.S.C. § 1291, as well as 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUE

Whether the district court's revocation sentence is plainly unreasonable.

## STATEMENT OF THE CASE

In 2006, Darren Harrison pled guilty without a written plea agreement to possession of firearm by felon, in violation of 18 U.S.C. § 922(g)(1). Acceptance and Entry of Guilty Plea, 3:06CR148 Dkt. No 13 (W.D.N.C.). In 2007, the district court sentenced him to 24 months' imprisonment and three years of supervised

1

release. Judgment, 3:06CR148 Dkt. No 19. Harrison began his supervised release on August 29, 2008. Supervised Release Petition at 1, 3:06CR148 Dkt. No 47 (hereinafter "Petition").

On August 24, 2011, Harrison's probation officer alleged two violations of his supervised release conditions. Petition at 1. On October 20, 2011, the probation officer filed an addendum to the Petition alleging a third violation. Addendum, 3:06CR148 Dkt. No 48. Harrison admitted the alleged violation noted in the Addendum, and the remaining violations were dismissed by the government. Supervised Release Hearing Transcript at 2, 3:06CR148 Dkt. No 61, February 22, 2012 (hereinafter "Tr."). The district court revoked Harrison's supervised release and imposed a sentence of 10 months' imprisonment to be followed by 18 months of supervised release. Tr. 17. Written judgment was filed on February 28, 2012. Judgment, 3:06CR148 Dkt. No 55. Harrison timely filed notice of appeal. Notice of Appeal, 3:06CR148 Dkt. No 56.

## STATEMENT OF THE FACTS

### I.   VIOLATIONS ALLEGED

In the Supervised Release Petition filed on August 24, 2011, the probation officer alleged Harrison had violated the following two conditions of his supervised release: (1) he committed a new law violation on June 27, 2011, specifically assault on a female, and (2) committed a new law violation on July 29,

2

2011, specifically assault on a female and false imprisonment. Petition at 1. In the Addendum to the petition filed on October 20, 2011, the probation officer alleged that, on October 18, 2011, Harrison committed a new law violation when he was in possession of a pair of brass knuckles. Addendum at 1.

## II.    FINAL SUPERVISED RELEASE VIOLATION HEARING

The court held Harrison's final supervised release revocation hearing on February 22, 2012. Tr. 1. Harrison admitted violation 3 which was alleged in the Addendum. Tr. 2. The government dismissed the remaining violations. *Id.* The Petition alleged that violation 3 was a Grade C violation which, with Harrison's Criminal History Category of IV, would result in a Policy Statement range of six to twelve months' imprisonment. United States Sentencing Commission, *Guidelines Manual* (USSG), § 7B1.4(a) (Nov. 2011); 3:06CR148 Dkt. No. 47 & 48. The Petition also stated that, under 18 U.S.C. § 3583(e)(3) (2008), Harrison's statutory maximum imprisonment was two years, and his statutory maximum supervised release was 36 months less any term of imprisonment upon revocation. Petition at 3.

Harrison argued for a sentence of not more that 10 months' imprisonment and asked the court to terminate his supervised release. Tr. 3. Harrison's argument focused on his compliance with the terms of his supervised release, including maintaining his sobriety, and compliance with code-a-phone testing. Tr. 3-4.

3

Harrison also explained that he was an accomplished martial artist and hoped to become a full-time instructor upon his release. *Id.* In addition, he noted that he had substantial community and family support. *Id.*

The government argued that Harrison should receive a sentence of 10 months' imprisonment with additional supervised release, emphasizing his criminal history. Tr. 13. The court was unwilling to terminate Harrison's supervision and sentenced Harrison to 10 months' imprisonment and 18 months of supervised release. Tr. 17.

## SUMMARY OF ARGUMENT

Harrison argues that, in light of the violations alleged, his sentence was plainly unreasonable. In particular, he contends that the court should not have imposed an additional term of supervised release. However, the sentence was within the policy statement range, was below the statutory maximum, and did not run afoul of clearly settled law. Accordingly, the sentence is not "plainly unreasonable."

## ARGUMENT

I. **THE SENTENCE IS PLAINLY UNREASONABLE**.

   A. **STANDARD OF REVIEW**

This Court reviews whether or not sentences imposed upon revocation of supervised release are within the prescribed statutory range and are not "plainly

4

unreasonable." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010) (*citing United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006)).

## B.  DISCUSSION

To determine whether a revocation sentence is plainly unreasonable under *United States v. Crudup*, the first step in this analysis is whether the sentence was unreasonable. *Id.* at 438. This Court, in determining reasonableness, follows generally the procedural and substantive considerations employed in reviewing original sentences. *Id.* If a sentence imposed after a revocation is not unreasonable, this Court will not proceed to the second prong of the analysis—whether the sentence was plainly unreasonable. *Id.* at 439.

Although a district court must consider the policy statements in Chapter Seven of the sentencing guidelines along with the statutory requirements of 18 U.S.C. § 3583 and 18 U.S.C. § 3553(a) (2010), the district court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum. *Crudup,* 461 F.3d at 439 (quoting *United States v. Lewis,* 424 F.3d 239, 244 (2nd Cir. 2005)).

Harrison's sentence is procedurally reasonable. His violations were Grade C violations which, combined with his criminal history category of IV, resulted in an advisory policy statement range of six to twelve months' imprisonment. USSG § 7B1.4(a). Since Harrison was originally convicted of a Class C felony, he

5

faced a statutory maximum sentence of two years' imprisonment upon revocation. 18 U.S.C. § 3583(e)(3). Additionally, since Harrison was required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under § 3583(e)(3), the court was authorized to impose a new term of supervised release of 36 months less any term of imprisonment upon revocation. 18 U.S.C. § 3583(h); Petition at 3. Harrison's 10-month revocation sentence, and the 18 months of supervised release to follow it, were thus within both the 24-month statutory maximum and the advisory policy statement range. 18 U.S.C. § 3583(e)(3).

Before imposing sentence, the district court heard arguments from Harrison's counsel and responded to counsel's argument that the court should not take into account the conduct alleged in the dismissed violations. Tr. 12. The court agreed and found that there had been "insufficient facts presented to the court to rely up on those facts in reaching a sentence in this case." Tr. 17.  The court also stated that the sentence is "based upon the finding with respect to new law violation 3 and the defendant's criminal history as the court has discussed." *Id.* The court also discussed its concerns about Harrison's previous supervised release revocations and the need of the court to protect the public and deter criminal conduct. Tr. 16-17. And since a court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction

6

sentence, the district court's stated reasons for the sentence imposed was sufficient to overcome a challenge to the procedural reasonableness of the sentence imposed. *Thompson,* 595 F.3d at 547.

Harrison argues that his sentence is substantively unreasonable because he had done well on supervised release and has the potential to do well upon release. But Harrison's imprisonment sentence and his 18 months of continued supervised release, are within the applicable policy statement range and therefore are presumptively reasonable. *United States v. Go*, 517 F.3d 216, 218 (4th Cir. 2008). The court considered Harrison's arguments for termination of his supervised release and the court rejected those arguments. Thus, it does not appear that the district court committed error in imposing a sentence of 10 months' imprisonment followed by an additional 18 months of supervised release.

As Harrison's sentence is not procedurally or substantively unreasonable, it is not plainly unreasonable.

## **CONCLUSION**

Appellant respectfully asks the Court of Appeals for the Fourth Circuit to review the record carefully to determine if there are issues of merit which may be raised and which would warrant the Court vacating the judgment entered in this matter and remanding the case to the district court for future disposition.

This, the 18th day of May, 2012.

                                          Henderson Hill, Director
Federal Defenders of
Western North Carolina, Inc.

/s Erin K. Taylor
Erin K. Taylor
Assistant Federal Defender
Ann Hester
Assistant Federal Defender
129 W. Trade St., Suite 300
Charlotte, NC 28202
(704) 374-0720
Counsel for Appellant

# **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   this brief contains <u>1,522</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a proportionally typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

<u>/s/ Erin K. Taylor</u><br>
*Counsel for Appellant*

Dated: May 18, 2012

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on May 18, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Amy E. Ray
    OFFICE OF THE U.S. ATTORNEY
    100 Otis Street
    Room 233
    Asheville, NC 28801

    *Counsel for Appellee*

I further certify that one copy was mailed, first class, postage pre-paid to the Appellant at his last known address of:

    Darren Nelson Harrison
    Irwin County Detention Center
    132 Cotton Dr.
    Ocilla, GA  31774

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

                                                  /s/  Karen R. Taylor
                                                  Karen R. Taylor
                                                  GIBSON MOORE APPELLATE SERVICES, LLC
                                                  421 East Franklin Street, Suite 230
                                                  Richmond, VA  23219